UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLETTE DALTON,

    Plaintiff,                                        Hon. Ellen S. Carmody

v.                                                    Case No. 1:16-CV-938

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 50 years of age on her alleged disability onset date. (PageID.429). She successfully completed high school and worked previously as a parking lot attendant, assembler, and furniture panel coverer. (PageID.285, 305). Plaintiff initially applied for benefits on September 18, 2009, alleging that she had been disabled since May 27, 2009. (PageID.315). Plaintiff's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.315). On September 19, 2011, Plaintiff appeared before ALJ Donna Grit with testimony being offered by Plaintiff and a vocational expert. (PageID.315-25). In a written decision dated October 18, 2011, the ALJ determined that Plaintiff was not disabled. (PageID.315-25).

On July 16, 2013, Plaintiff again applied for disability benefits alleging that she had been disabled since June 12, 2013. (PageID.429-37, 489). Plaintiff's applications were again denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.312-425). On November 21, 2014, Plaintiff appeared before ALJ Carol Guyton with testimony being offered by Plaintiff and a vocational expert. (PageID.276-310). In a written decision dated December 22, 2014, the ALJ determined that Plaintiff was not disabled. (PageID.258-70). The Appeals Council declined to review the ALJ's decision, rendering it the

3

Commissioner's final decision in the matter. (PageID.59-64). Plaintiff subsequently initiated this appeal pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ found that Plaintiff suffers from: (1) diabetes mellitus; (2) essential hypertension; (3) obesity; (4) mild peripheral vascular insufficiency; (5) major depression; (6) substance addiction disorder; and (7) history of degenerative disc disease of the cervical and lumbar spine (status-post cervical fusion), severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.261-65).

With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can lift/carry 20 pounds occasionally and 10 pounds frequently; (2) during an 8-hour workday, she can sit for 6 hours and stand/walk for 2 hours; (3) she needs a cane to ambulate on uneven ground; (4) she can occasionally crawl, stoop, kneel, balance, crouch, and climb ramps/stairs; (5) she must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, hazardous machinery, and unprotected heights; (6) she cannot climb ladders, ropes, or scaffolds; (7) she cannot operate machinery; and (8) she is limited to routine tasks involving no more than simple short instructions and simple work-related decisions with few workplace changes. (PageID.265).

Based on the testimony of a vocational expert, the ALJ found that Plaintiff retained the ability to perform her past relevant work as an assembler and parking lot attendant.

5

(PageID.305-07, 268-70). Accordingly, the ALJ concluded that Plaintiff was not entitled to disability benefits.

I.        **ALJ Guyton's RFC Determination is not Supported by Substantial Evidence**

As noted above, Plaintiff initially filed for disability benefits in 2009. Plaintiff's claims were ultimately denied by ALJ Grit, who determined that Plaintiff could perform only a limited range of sedentary work. (PageID.320). In assessing Plaintiff's present claim for benefits, ALJ Guyton found that Plaintiff was capable of performing a limited range of light work. (PageID.265). Plaintiff argues that she is entitled to relief because ALJ Guyton's decision to adopt a less restrictive RFC than ALJ Grit is not supported by substantial evidence. The Court agrees.

The issue of whether or when a subsequent ALJ is bound by an RFC finding by a prior ALJ was first addressed by the Sixth Circuit in *Drummond v. Commissioner of Social Security* 126 F.3d 837 (6th Cir. 1997). Drummond filed an application for benefits which was denied based on a finding that while she could no longer perform her past relevant work she could perform sedentary work which existed in significant numbers. *Drummond*, 126 F.3d at 838. Drummond later filed another application for benefits which was denied based on the finding that she retained the ability to perform medium work. *Id.* at 838-39. After unsuccessfully appealing the matter in federal district court, Drummond pursued the matter in the Sixth Circuit. *Id.* at 839-40. The *Drummond* court held that "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Id.* at 840-42. Thus, "absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." *Rudd v. Commissioner of Social*

*Security*, 531 Fed. Appx. 719, 724 (6th Cir., Sept. 5, 2013). Furthermore, the Commissioner bears the burden to establish that the claimant's condition has improved. *Ibid*.

In her decision denying Plaintiff's claims, ALJ Guyton adopted a less restrictive RFC than ALJ Grit thus imposing on ALJ Guyton the obligation to demonstrate that Plaintiff's condition improved subsequent to ALJ Grit's decision. ALJ Guyton, however, disregarded this obligation, instead concluding that the rule articulated in *Drummond* simply did not apply in this circumstance because Plaintiff began suffering "new medical conditions" following ALJ Grit's 2011 decision. (PageID.267). The ALJ's analysis is insufficient and fails to comply with the rule articulated in *Drummond* and reaffirmed many times since.

The ALJ did not even attempt to articulate how Plaintiff's condition had allegedly improved since ALJ Grit issued her decision. Moreover, the ALJ did not identify Plaintiff's "new medical conditions" or explain how such negated her obligation to demonstrate that Plaintiff's condition had improved since the prior ALJ decision. In sum, ALJ Guyton's conclusion that she was not bound by ALJ Grit's RFC determination is not supported by substantial evidence. Moreover, Defendant's attempts to articulate after-the-fact justifications to bolster the ALJ's deficient analysis are not persuasive. The Court is limited to reviewing the ALJ's rationale and determining if such is supported by substantial evidence. As discussed herein, the ALJ's rationale for failing to adopt ALJ Grit's RFC finding is not supported by substantial evidence.

The Court also finds unpersuasive Defendant's argument that harmless error applies in this instance. Defendant argues that "even adopting the prior ALJ's RFC finding in full would not have undermined the current ALJ's decision finding Plaintiff not disabled because she could return to her past relevant work." (ECF No. 14 at PageID.1180). The vocational expert who

7

testified at Plaintiff's first administrative hearing, before ALJ Grit, testified that Plaintiff, if limited to the extent found by ALJ Grit, would still be able to perform her past relevant work. (PageID.324). Indeed, it was on the basis of this testimony that ALJ Grit denied Plaintiff's application. (PageID.324). However, the vocational expert who testified at the second administrative hearing, before ALJ Guyton, offered no testimony as to Plaintiff's ability to perform work duties were Plaintiff limited to the same or greater extent found by ALJ Grit. (PageID.276-310). Defendant's argument, therefore, appears to be that once an ALJ finds that a claimant is not disabled because she can perform her past relevant work, any subsequent ALJ can adopt or rely on such a finding to deny a subsequent application for benefits. Defendant has identified no authority supporting this proposition.

**II.         Remand is Appropriate**

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also*, *Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also*, *Brooks*, 531 Fed. Appx. at 644. Evaluation of Plaintiff's claim requires the resolution of certain factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist

compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

## **CONCLUSION**

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **vacated and the matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g)**. A judgment consistent with this opinion will enter.


Date: September 25, 2017  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge